UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:18CV-P828-CRS

SEIKO ROSS                     PLAINTIFF

v.

LOUISVILLE METRO DEPT.
OF CORRECTIONS *et al*.                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Seiko Ross filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims and give him an opportunity to amend his complaint.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), sues "LMDC & Staff" and LMDC Director Mark Bolton. He sues Defendants in their official capacities only.

Plaintiff alleges that on August 7, 2018, an unnamed officer violated the LMDC inmate handbook "when he kicked the door and broke my pinky which cause personal injury and in return show's personal abuse." Plaintiff reports, "This situation occured when I pressed the emergency button on the dorm to inform the officer that I was in fear for my safety. She proceeded to tell me that's not an emergency and the button is not a check out button totally disregarding my safety."

Plaintiff quotes various statements by Mark Bolton in the LMDC inmate handbook. He states "the core values, LMDC policies and procedures and guide lines setforth by Director Mark

Bolton for this jail, inmates and staff or violated daily. Something need's to be done our safety and health is constantly violated on a daily basis. (We need help)!!!"

Plaintiff further states, "The actions from this staff and administrions put's this facility (LMDC) in violations of the guidelines setforth by the American Correctional Association Accreditation. My right's and dignity or violated daily!!!" He further states that he received an x-ray of his finger but "they failed to let me know the outcome of the x-ray and have not giving me any medical treatment accept 4 day's of ibpruphen my finger is broken and I'm in pain."

Plaintiff states that he wrote a grievance about the incident and that the captain responded by saying that he had the wrong officer's name. Plaintiff states, "I had the wrong name because they gave me the wrong name." He asserts, "I was placed in the dummie box as they call it to be moved so of course it was after 12:00 am which means it was a whole nother day before I was able to see a nurse." He states, "It's in my medical file that I'm PTSD I have been traumatized ever since this happen constantly in fear of officers constant aggression towards inmates I have to take sleeping pills."

As relief, Plaintiff seeks compensatory and punitive damages, as well as "negotiation of sentence."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

Plaintiff sues "LMDC and staff" and Director Bolton in their official capacity only. However, LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Further, Louisville Metro Government is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of*

3

*Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Court therefore will construe the claim against LMDC as a claim brought against Louisville Metro Government.

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503. Therefore, the Court construes Plaintiff's official-capacity claims against Bolton and any other LMDC staff members as brought against their employer, Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To satisfy the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that an officer kicked a door resulting in injury to Plaintiff's pinky, that another officer failed to respond to an emergency call for assistance, and that Plaintiff has been denied medical treatment for the injury to his pinky. However, he does not allege that the events occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government. In fact, Plaintiff alleges that officers acted in violation of LMDC policies. Thus, the alleged incidents are isolated occurrences affecting only Plaintiff, which do not give rise to a claim against Louisville Metro Government. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Accordingly, Plaintiff's claim against LMDC and his official-capacity claims against Bolton and unnamed "Staff" must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also broadly alleges that his health and safety are "constantly violated on a daily basis." However, the Court finds these allegations to be too conclusory and lacking in factual enhancement to support a claim for relief. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Therefore, Plaintiff's vague allegations of violations of his health and safety will be dismissed for failure to state a claim.

In addition, Plaintiff claim that various provisions of the LMDC inmate handbook have been violated. However, failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be

the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's claims that Defendants violated the LMDC handbook will be dismissed for failure to state a claim upon which relief may be granted.

While the Court concludes that the complaint is subject to dismissal for the above reasons, the Court finds that some of Plaintiff's claims may survive initial screening if he had sued Defendants in their individual capacities. "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to file an amended complaint to bring individual-capacity claims against any person whom he claims violated his rights. In filing an amended complaint, it is insufficient for Plaintiff to sue all "Staff." Plaintiff must name as Defendants the specific individuals whom he alleges violated his rights and state the specific factual allegations he believes support his claim against each individual Defendant.[1]

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendant LMDC and his official-capacity claims against Bolton and "Staff" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff must file an amended complaint**. He must include **all claims** he wishes to assert in this action as the amended complaint will **supersede** the original

---

[1] If Plaintiff does not know the name of a specific individual, he may name a John or Jane Doe Defendant and seek information to identify the person's name through discovery should a claim against that Defendant proceed beyond initial review.

complaint. Plaintiff must name as Defendants the specific individuals whom he alleges violated his rights and state the specific factual allegations he believes support his claim against each individual defendant. He must sue Defendants in their individual capacities. Plaintiff must also tender a summons form for each Defendant he sues. The Court will conduct initial review of the amended complaint in accordance with 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form, along with four summons forms, and send them to Plaintiff for his use.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein**.

Date: March 8, 2019

                                                      Charles R. Simpson III, Senior Judge
                                                      United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
4411.010